IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

FAZLUL H. SARKAR, PH.D.                                                                    PLAINTIFF

VS.                                                     CIVIL ACTION NO: 3:15-CV-83-NBB-SAA

THE UNIVERSITY OF MISSISSIPPI, ET AL.                                            DEFENDANTS

## ORDER STAYING INDIVIDUAL CAPACITY MATTERS
## PENDING RULING ON MOTION TO DISMISS

Defendant Larry Walker has moved under Federal Rule of Civil Procedure 12(b)(6) and the qualified immunity doctrine for dismissal of all claims against him in his individual capacity. Docket 15. Although Local Uniform Civil Rule 16(b)(3)(B) provides that the "filing an immunity defense or jurisdictional defense motion stays the attorney conference and disclosure requirements and all discovery not related to the issue, pending the court's ruling on the motion, including any appeal," the court has discretion to allow other claims in the action to proceed if it finds that course is in the best interests of the parties and judicial economy. *See, e.g., Harris v. City of Balch Springs*, 33 F. Supp.3d 730, 732,33 (N.D. Tex. 2014) (no authority precludes discovery and pretrial matters regarding claims not protected by qualified immunity doctrine), citing *Behrens v. Pelletier*, 516 U.S. 299, 312, 116 S.Ct. 834, 133 L.Ed.2d 773 (1996) (Qualified immunity is "a right to immunity *from certain claims*, not from litigation in general.").

The plaintiff has also sued defendant Walker in his official capacity, along with all other defendants, and, based upon the facts alleged in the complaint, it appears that Mr. Walker will be required to defend this action in that capacity in any event. It is likely that the breadth of discovery relating to individual capacity claims – such as defendant's net worth or other

1

financial information – will not be dramatically greater than that related to the official capacity claims. This information can be obtained with relative ease and very little expense if the court should deny the pending motion to dismiss. Staying the entire case would, in the court's opinion, be counterproductive to all involved in this action. Accordingly, it is

**ORDERED**

That discovery relating to the claims against defendant Walker in his individual capacity only are hereby STAYED. All other facets of this action will proceed as usual.

This, the 28th day of August, 2015.

/s/ S. Allan Alexander
UNITED STATES MAGISTRATE JUDGE